998 F.2d 1011
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Patricia Lynn PUCKETT, Defendant-Appellee.
United States of America, Plaintiff-Appellee,
v.
Patricia Lynn Puckett, Defendant-Appellant.
 Nos. 92-5572, 92-5573.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 17, 1993.
Decided: July 21, 1993.
 
 Appeals from the United States District Court for the Western District of Virginia, at Abingdon.
 E. Montgomery Tucker, United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, for Appellant.
 Peter Curcio, BRESSLER, CURCIO & STOUT, P.C., for Appellee.
 W.D.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before MURNAGHAN, WILKINS, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Patricia Lynn Puckett was convicted of conspiracy to possess with intent to distribute Schedule II, III, and IV controlled substances, 21 U.S.C.A. § 846 (West Supp. 1992), and was sentenced to a term of 58 months. The government appeals the sentence imposed (No. 925572). In a cross-appeal, Puckett appeals her conviction (No. 925573). We affirm the conviction, but vacate the sentence and remand for resentencing.
 
 
 2
 Puckett and three co-defendants were charged with conspiracy after the robbery of a pharmacy in Richlands, Virginia. All three codefendants entered guilty pleas and two of them testified at Puckett's trial about her involvement in the scheme. Puckett denied any involvement. Although Ruth Casey testified that she and Puckett had robbed the pharmacy together at Puckett's instigation, and that Puckett had been the one who entered the pharmacy and took the drugs, Puckett testified that she had been with family members and friends during the evening when the robbery took place. Her daughter and the former boyfriend of her daughter testified to that effect. Puckett wholly denied involvement in the robbery or being in possession of the stolen drugs.
 
 
 3
 Puckett sought to introduce statements made during a polygraph examination by David Lester, a friend who had since died, as well as information volunteered by Lester to the state police agent who administered the test, all of which she regarded as helpful to her defense. The district court permitted her to introduce Lester's statements through examination of the agent who conducted the polygraph test.
 
 
 4
 Puckett also sought to introduce the fact that the statements were made during or in connection with a polygraph test, which defense counsel believed heightened the credibility of the statements. The district court followed Fourth Circuit precedent in refusing to admit evidence that Lester had taken a polygraph test. See United States v. A & S Council Oil Co., 947 F.2d 1128 (4th Cir. 1991). We find no error in the district court's ruling.
 
 
 5
 The district court also correctly refused to instruct the jury on simple possession as a lesser-included offense of conspiracy to possess with intent to distribute. A defendant is entitled to an instruction on a lesser-included offense only if the evidence would permit a jury to find him guilty of the lesser offense and acquit him of the greater. United States v. Baker, 985 F.2d 1248 (4th Cir. 1993). Simple possession is not a lesser-included offense of conspiracy to possess with intent to distribute. United States v. Horn, 946 F.2d 738 (10th Cir. 1991). Therefore, the district court did not err in refusing the requested instruction.
 
 
 6
 In preparing the presentence report, the probation officer calculated Puckett's offense level as twenty-eight, her criminal history as II, and her guideline range as 87-108 months. No reduction for acceptance of responsibility* was recommended because Puckett continued to deny involvement with the offense. Puckett made no objections to the presentence report. However, in order to avoid giving her a higher sentence than a co-defendant, the district court sua sponte reduced her offense level by finding that Puckett was involved with drugs only sufficient to yield a base offense level of twenty-six. It also found that she had accepted responsibility, further reducing her offense level to twenty-four. The resulting guideline range was 57-71 months, and the court imposed a sentence of fifty-eight months.
 
 
 7
 The district court's factual findings on the amount of drug involved and acceptance of responsibility were both clearly erroneous. No evidence was presented which would support a finding of a lesser amount of drugs. Indeed, the court did not explain its finding in terms of the actual amount of drugs attributable to Puckett, but rather as a means of giving her the same offense level as another co-conspirator. Moreover, as noted earlier, Puckett's defense precluded the presentation of any evidence showing that Puckett was responsible for anything less than the whole amount of the stolen drugs.
 
 
 8
 Similarly, the district court's finding that Puckett accepted responsibility under U.S.S.G. § 3E1.1 is not supported. While a defendant who goes to trial may, in "rare situations" be eligible for the reduction, see U.S.S.G. § 3E1.1, comment. (n.2), Puckett challenged her factual, not legal, guilt at trial. Puckett's attempts on appeal to characterize her defense as a "legal" defense (of merely being in possession of the drugs) are not supported by the record. Accordingly, although Puckett may have accepted responsibility for her conduct after trial, her conduct up to that point puts her case outside of those examples identified by the Sentencing Commission as meriting the adjustment after trial.
 
 
 9
 In making these two unsupported findings, the district court effectively departed below the guideline range in order to avoid a disparity between Puckett's sentence and that of a co-defendant. We have previously held that disparity is not a proper ground for departure. United States v. Piche, 981 F.2d 706 (4th Cir. 1992), cert. denied, 61 U.S.L.W. 3772 (U.S. 1993); United States v. Ellis, 951 F.2d 580 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3878 (U.S. 1992). Resentencing is therefore required.
 
 
 10
 Accordingly, we affirm Puckett's conviction. We vacate her sentence and remand for resentencing in accordance with the views expressed here. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov. 1991). Puckett was sentenced on August 6, 1992